UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KORY KINGSLEY,<br><br>　　　　　　　Defendant. | Case No. 24-cr-00366-YGR-1 (DMR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE MOTION FOR ISSUANCE OF SUBPOENAS**<br><br>Re: Dkt. No. 42 |

Defendant Kory Kingsley filed an ex parte application for issuance of three subpoenas duces tecum under Federal Rule of Criminal Procedure 17(c), seeking certain portions of the personnel files of police officers expected to testify at the May 1, 2025 evidentiary hearing on his motion to suppress. [*See* Docket No. 42, Application and Declaration in Support ("Larouche Decl.").] For the following reasons, Kingsley's motion is granted in part and denied in part.

**I.　DISCUSSION**

Kingsley was charged by indictment with one count of violating 21 U.S.C. § 841(a)(1) and (b)(1)(A), possession with intent to distribute 500 grams or more of a mixture, and one count of violating 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession with intent to distribute fentanyl analogue. [Larouche Decl. ¶ 3.] He has pleaded not guilty, and on April 8, 2025, filed a motion to suppress evidence set for hearing on May 1, 2025. [Docket No. 40.] Kingsley states that 12 police officers from three different police departments were present at or involved in Kingsley's arrest and investigation, and Kingsley anticipates that these officers will testify at the evidentiary hearing on his motion where the court will have the opportunity to assess the credibility of these officers' testimony. [Larouche Decl. ¶¶ 5-6.] Kingsley accordingly seeks issuance of three subpoenas, one each to the Contra Costa County Office of the Sheriff ("CCCOS"), Martinez Police Department ("MPD"), and Pittsburg Police Department ("PPD") for production of certain

portions of the 12 officers' personnel files. [*Id.*; *see also id.* at ECF 3-4.]

Rule 17(c) allows a party to issue a subpoena requiring "a witness to produce books, papers, documents, data, or other objects . . . before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1).[1] Criminal Local Rule 17-2(a) states that a court order is required to issue a Rule 17(c) subpoena and provides that a party may obtain the issuance of a subpoena by filing either a noticed motion or, "for good cause, an *ex parte* motion without advance notice to the opposing party." Crim. L.R. 17-2(a)(1). Any party seeking a subpoena must support its request with a declaration "specifying the facts supporting the issuance of the subpoena along with a proposed order." *Id.* General Order 69 outlines a procedure for subpoenaing and reviewing a certain subset of records, namely "personnel and complaint records . . . of state law enforcement officers who have been or will be subpoenaed to testify in a federal criminal proceeding." Gen. Order No. 69 at 1.

"A criminal defendant has both a constitutional right to obtain evidence which bears upon the determination of either guilt or punishment, and a Sixth Amendment right to process." *United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997) (citations omitted). "Rule 17(c) implements both the right to obtain the evidence and to require its production." *Id.* (citations omitted). However, a Rule 17(c) subpoena "was not intended to provide a means of discovery for criminal cases. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). "In this sense, a Rule 17(c) subpoena reaches only *evidentiary* materials—not all *discoverable* materials." *United States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175-TEH-1 (MEJ), 2016 WL 1212091, at *3 (N.D. Cal. Mar. 28, 2016) (emphasis in original).

Accordingly, a Rule 17(c) subpoena may be used to obtain pretrial production of

---

[1] The caption of Kingsley's motion also cites Rule 17(b), which states that "[u]pon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." *See* Mot. 1. This rule does not appear to apply here, where Kingsley does not seek to "secure attendance of witnesses at the expense of the Government." *See* Fed. R. Crim. P. 17, 1944 Advisory Committee Notes to subdivision (b).

2

documents and other materials when the moving party can show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (quoting *Nixon*, 418 U.S. at 699-700). "The party seeking to issue or enforce a Rule 17(c) subpoena must therefore demonstrate the relevancy, admissibility, and specificity of its request." *United States v. Johnson*, No. 14-CR-00412-TEH, 2014 WL 6068089, at *2 (N.D. Cal. Nov. 13, 2014) (citing *Nixon*, 418 U.S. at 700). "The test set forth in *Nixon* uses the term 'trial' four separate times—with regard to the relevance of the documents, the need to procure them within a certain period of time, and the effect on the trial if the documents are not timely obtained. . . . Of course, many courts have held that Rule 17(c) subpoenas may properly issue in connection with hearings, such as pre-trial motions to suppress." *United States v. Taylor*, No. 14-cr-00117-JST-1, 2014 WL 5786535, at *1 (N.D. Cal. Nov. 5, 2014) (collecting cases).

"[W]here a party fails to sufficiently demonstrate the *Nixon* factors to the Court, advance production of the records sought will be denied." *Pac. Gas & Elec.*, 2016 WL 1212091, at *3 (citations omitted). "Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

"Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon,* 418 U.S. at 701. However, General Order No. 69 "provides a narrow exception to the general bar on Rule 17(c) subpoenas for impeachment evidence." *Johnson*, 2014 WL 6068089, at *2. It expressly permits a Rule 17(c) subpoena to obtain "personnel and complaint records . . . of state law enforcement officers who have been or will be subpoenaed to testify in a federal criminal proceeding." Gen. Order No. 69. General Order No. 69 operates "to minimize the need for judicial review of [this subset of] subpoena requests and documents produced pursuant to subpoena requests." *Id.*; *see also United States v.*

1  *Johnson*, No. 14-cr-00412-TEH, 2014 WL 6068089, at *2 (N.D. Cal. Nov. 13, 2014). General
2  Order No. 69 provides that "[i]f the records sought relate to officers who are expected to testify at
3  an evidentiary hearing regarding a pre-trial motion, the request for a subpoena must be filed no
4  later than the filing date of the defendant's motion." Gen. Order No. 69 at 2.

Kingsley's application, properly filed on the same day as his motion to suppress, seeks the production of seven categories of documents from the personnel files of 12 officers whom he expects to testify at the hearing on his motion to suppress because they were "present at or involved in [his] arrest and investigation in his case[.]" [Larouche Decl. ¶ 5.] The three subpoenas are materially identical, and the seven document categories are:

1. Any finding of misconduct that reflects upon the truthfulness or possible bias of the employee, including a finding of lack of candor during a criminal, civil, or administrative inquiry or proceeding;

2. Any past or pending criminal charge brought against the employee;

3. Any allegation of misconduct bearing upon truthfulness, bias, or integrity that is the subject of a pending investigation;

4. Prior findings by a judge that an agency employee has testified untruthfully, made a knowing false statement in writing, engaged in an unlawful search or seizure, illegally obtained a confession, or engaged in other misconduct;

5. Any misconduct finding or pending misconduct allegation that either casts a substantial doubt upon the accuracy of any evidence – including witness testimony – that may be presented by or related to the agency or the employee(s), or that might have a significant bearing on the admissibility of any such evidence. Accordingly, please disclose findings or allegations that relate to substantive violations concerning:

    a. Failure to follow legal or agency requirements for the collection and handling of evidence, obtaining statements, recording communications, and obtaining consents to search or to record communications;

    b. Failure to comply with agency procedures for supervising the activities of a cooperating person (C.I., C.S., CHS, etc.);

4

   c. Failure to follow mandatory protocols with regard to the forensic analysis of evidence;

6. Information that may be used to suggest that the agency employee is biased for or against a defendant; and

7. Information that reflects that the agency employee's ability to perceive and recall the truth is impaired.

[Docket Nos. 42-1 at ECF 8-9, 42-2 at ECF 8-9, 42-3 at ECF 8-9.][2]

The court turns to the *Nixon* factors. Kingsley explains that he is entitled to discovery bearing on the credibility of the officers that are expected to testify during the evidentiary hearing. [Larouche Decl. ¶ 7.] As written, the seven document categories are appropriately specific and identify documents relevant to the officers' credibility. Courts regularly find portions of police officers' personnel files relevant and admissible as to credibility. *See, e.g.*, *United States v. Chan*, 19-cr-00521-BLF-1 (SVK), 2020 WL 2425798, at *2 (N.D. Cal. May 12, 2020) (finding nine categories of documents, including about misconduct, dishonesty, evidence-tampering, and complaints of misconduct, "both relevant and admissible in Defendant's forthcoming suppression motion because of the credibility of the testifying officers may be at issue"); *United States v. Johnson*, No. 14-cr-00412-TEH-1, 2014 WL 6068089, at *10 (N.D. Cal. Nov. 13, 2014) (permitting subpoena of certain personnel files that sought "any and all documents and information that may be used to impeach witness credibility, veracity, or candor, for instance" and listing five categories of documents); *see also United States v. Johnson*, No. 14-cr-00412-TEH-1,

---

[2] The subpoenas also seek:

Any unsubstantiated allegations made by a prosecutor, magistrate or judge, or which received publicity, or which appear to otherwise be appropriate for disclosure, should be included regardless of whether or not sanctions were imposed. It is also requested that you provide information concerning unsubstantiated allegations, regardless of the type of sanction, or absence of sanction, unless there was agency administrative fact finding determining that the allegations were unfounded. In particular, in the absence of such fact finding, please provide with the requested information even if the allegations were resolved by the imposition of minor administrative sanctions. Any unsubstantiated allegations disclosed should be clearly marked as such. Please resolve close questions on the side of disclosure. The information provided will be protected and used only in accordance with the terms of General Order 69 and the model protective order (attached). The materials may not be used in any court proceeding or otherwise disclosed without a court order.

5

2014 WL 5077299, at *1-2 (N.D. Cal. Oct. 9, 2014) (finding relevance and admissibility satisfied for portions of officers' personnel files "that relate to their credibility, veracity, candor, and conduct on the job" where "the credibility of the testifying officers is directly at issue in these proceedings" (citing *Giglio v. United States*, 405 U.S. 150 (1972); *Nixon*, 418 U.S. at 583)).

The court concludes that, for the most part, the subpoenas satisfy the *Nixon* factors because the personnel files are otherwise not procurable reasonably in advance of the hearing by exercise of due diligence; Kingsley cannot properly prepare for the hearing without the requested documents and the failure to obtain them may unreasonably delay the hearing; and his application is made in good faith and appropriately tailored to his stated need for the records.

However, while Kingsley's application states that the 12 officers "were present at or involved in [his] arrest and investigation," only three of them are mentioned in his motion to suppress and the traffic stop, searches, and seizures summarized therein: Jesus Topete (CCCOS), and Zachary Hatcher and Jimmy Sanchez (PPD). [Docket No. 40; Larouche Decl. ¶ 5.] It is unclear what role (if any) the other nine officers played, nor does Kingsley explain anything about them in his application or motion other than his conclusory statement that they were "present at or involved in [his] arrest and investigation." [Larouche Decl. ¶ 5.] Kingsley's application does not support relevance for those nine law enforcement officers. The court accordingly grants issuance of the subpoena to PPD for the requested portions of the personnel files of Hatcher and Sanchez, modifies the subpoena to CCCOS to only seek the requested portions of the personnel file of Topete, and denies issuance of the subpoena as to MPD without prejudice.

The court notes the timing set forth in General Order No. 69: In advance of the May 1, 2025 motion hearing, the return date for Kingsley's subpoenas shall be 14 days from service of the subpoenas. Should any subpoenaed party decide to file a motion to quash, such motion shall be filed on or before the return date and noticed for a hearing on the court's next available motion calendar but no fewer than 14 days later. *See* Crim. L.R. 47-2. Kingsley shall be served with a copy of the motion to quash and shall file an opposition to the motion to quash 7 days after the motion is filed. An optional reply is due 4 days after the opposition is filed.

## II. CONCLUSION

For the foregoing reasons, Kingsley's motion for issuance of Rule 17(c) subpoenas is granted in part and denied in part. The Clerk shall issue the following two subpoenas in accordance with this Order: the subpoena to CCCOS [Docket No. 42-1] shall be issued as proposed except that it shall be modified to request only the personnel file of Jesus Topete; the subpoena to PPD [Docket No. 42-3] shall be issued as proposed. The subpoena to MPD [Docket No. 42-2] is denied without prejudice.

**IT IS SO ORDERED.**

Dated: April 11, 2025

_____
Donna M. Ryu
Chief Magistrate Judge