CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MAYA KARWANDE (CABN 295554)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7236
    Maya.Karwande@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:24-CR-00366-YGR |
| Plaintiff, | **UNITED STATES SENTENCING MEMORANDUM** |
| v. | Judge: Hon. Yvonne Gonzalez Rogers. |
| KORY KINGSLEY, | Sentencing Date: December 11, 2025 |
| Defendant. | Time: 3:00 p.m. |

## I.  INTRODUCTION

Between 2022 and 2024, Kory Kingsley, who has prior federal methamphetamine trafficking and firearm possession convictions, dealt large quantities of methamphetamine and deadly fentanyl laced M30 pills in Contra Costa County.  Kingsley is associated with the Co Co Boys, a white power criminal street gang that operates in Contra Costa County.  Every time Kingsley had police contact between from 2022-2024, there were distribution quantities of M30 fentanyl-laced pills present.  After his state arrest following the traffic stop in May 2022, Kingsley told his wife that he might have to do some time in prison.  But, undeterred, Kingsley kept dealing. When he was arrested on federal charges on July 2, 2024, he had fentanyl-laced M30 pills in his car. Kingsley was able to hide them and had his wife retrieve for him the next day.

1    The dangerousness of Kingsley's conduct and the need to deter future trafficking warrant a
2 significant custodial sentence.  Kingsley's Sentencing Guidelines range is 121-151 months, and the
3 charge carries a 60-month mandatory minimum sentence. Considering the nature of the conduct, the
4 need to deter further criminal conduct, as well as the defendant's characteristics and post-arrest efforts to
5 maintain his sobriety, the government respectfully recommends a below-guidelines sentence of 97
6 months' custody followed by 3 years' supervised release with an expanded search condition, a no-
7 contact condition, and forfeiture.

8 **II.     PROCEDURAL POSTURE**

9    On June 27, 2024, the Grand Jury returned an Indictment charging Kingsley with violations of
10 21 U.S.C. §§ 841(a)(1) and (B)(1)(A)(viii) - Possession with Intent to Distribute 500 grams or more of a
11 Mixture and Substance Containing a Detectable Amount of Methamphetamine (Count One); and 21
12 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl Analogue (Count
13 Two).

14    On September 16, 2025, a single-count Information was filed in the Northern District of
15 California, charging Kory Kingsley with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi) -
16 Possession With Intent to Distribute 10 Grams or More of a Mixture and Substance Containing a
17 Detectable Amount of Any Analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide.

18    On September 17, 2025, Kingsley pleaded guilty to the single count in the Information.

19 **III.    FACTUAL BACKGROUND**

20    In May of 2022, the Contra Costa County Sheriff's Office (CCCSO) was investigating
21 Kingsley's methamphetamine and fentanyl trafficking.  As part of the investigation, in early May a CI
22 bought a ¼ pound of methamphetamine from Kingsley.  CCCSO then obtained a tracker warrant to
23 monitor Kingsley's activity.  On May 25, 2022, CCCSO noticed that Kingsley's truck had been very
24 active starting at around 6:30 PM the previous night.  The truck had made numerous short stops at
25 different locations throughout the night, including the residence of a Co Co boy, an apartment complex,
26 a shopping center, a gas station, and a hotel.  Based on this activity, which CCCSO believed was
27 Kingsley distributing drugs at different locations,  CCCSO conducted visual surveillance on Kingsley
28 beginning at approximately 7:20 AM.  CCCSO observed Kingsley exit a motel carrying a small bag in

his hand and putting the bag in the bed of his truck. CCCSO observed Kingsley then go to another Co Co boy house for 10 minutes, and then another house for approximately 8 minutes.

Based on this pattern of activity, and the belief that based on what had been observed, Kingsley was carrying a large quantity of narcotics in his truck and making drug deliveries, CCCSO arranged for a wall stop of Kingsley's truck. A CCCSO deputy pulled over Kingsley for a traffic violation at approximately 8:00 AM. A K9 was called to the scene, alerted, and the truck was searched. CCCSO found approximately 4.91 pounds of methamphetamine, approximately 185 grams of heroin, approximately 1,749 pills containing fluorofentanyl (a fentanyl analogue), and approximately 123 MDMA pills in the bed of the truck and $3,000 cash.

At the same time, CCCSO was also conducting surveillance on Kingsley's residence. Shortly after Kingsley was stopped in his vehicle and the drugs were found, CCCSO observed Kingsley's wife load some items from their house into their family SUV, a Ford Explorer, and drive away. CCCSO stopped Kingsley's wife, searched the SUV, and found approximately 5,654 fentanyl pills, approximately 290 grams of cocaine, approximately 150 grams of heroin, approximately 19 grams of fentanyl, approximately 23.7 grams of methamphetamine, and approximately 1,000 MDMA pills. A search of the home revealed a firearm in a safe in Kingsley's bedroom.

Kingsley and his wife were arrested on state charges. As they were being transported, they discussed what had happened and how Kingsley's wife knew he had been stopped and why she was trying to get the drugs out of the house. Kingsley told his wife that he might need to go away, i.e., to prison because of all of this.

Five months later, on November 8, 2022, CCCSO was investigating another Co Co Boy associated drug dealer and executed a search warrant at that individual's house. Kingsley was there. CCCSO deputies searched him and found 10.02 grams net weight of methamphetamine on his person. CCCSO also searched Kingsley's vehicle, the same Ford Explorer, and found 1,167 M30 pills containing fentanyl (116.7 grams net weight), 7.1 grams heroin net weight, and 3.6 grams methamphetamine net weight.

Kingsley was stopped while driving his truck again on January 21, 2023. Inside Kingsley's car was about ¾ pound of methamphetamine and 224 suspected fentanyl laced M30 pills. The woman who

1  was in the vehicle with him stated that the drugs were hers.

2  On May 15, 2024, CCCSO received an anonymous tip that Kingsley and at least two others –a
3  Co Co Boy associate and another woman - were continuing to sell "blue pills" i.e., fentanyl laced M30
4  pills. In June 2024, the woman identified in the tip was arrested on charge of involuntary manslaughter
5  related to a fentanyl poisoning from a pill that she sold.  At the time of her arrest, Kingsley was in the
6  vehicle with her, driving her car.

7  On June 27, 2024, a federal Grand Jury returned an Indictment charging Kingsley with two
8  federal drug trafficking counts related to the May 25, 2022 traffic stop: Possession with Intent to
9  Distribute 500 grams or more of a Mixture and Substance Containing a Detectable Amount of
10 Methamphetamine (Count One) and Possession with Intent to Distribute Fentanyl Analogue (Count
11 Two).

12 Kingsley was arrested on the federal charges on July 2, 2024.  CCCSO assisted in the execution
13 of the arrest warrant and pulled Kingsley over in his family SUV shortly after he was leaving his house.
14 As CCCSO deputies approached, it appeared that Kingsley was trying to hide something.  Later, on jail
15 calls, Kingsley gloated to his wife that he was a genius and asked her to search the car and find his
16 phone and a small bag he had managed to hide. The next day deputies obtained a warrant to search
17 Kingsley's house and recovered the bag, which contained approximately 200 fentanyl laced M30 pills,
18 and was found on Kingsley's bed.

### III. SENTENCING GUIDELINES CALCULATION

The parties and Probation agree with the following Guidelines calculation:

a. Base Offense Level (U.S.S.G. § 2D1.1(a)(5)):                                                              34
   (*At 10,000 KG but less than 30,000 KG of Converted Drug Weight*)

b. Acceptance of Responsibility (U.S.S.G. § 3E1.1(a) and (b)):                                    -3

c. Total Offense Level                                                                                              31

The government agrees with Probation's calculation that Kingsley's Criminal History score is three and his Criminal History Category II.  An Offense Level of 31 and Criminal History Category II results in a Guidelines range of 121-151 months imprisonment.

### IV. GOVERNMENT'S SENTENCING RECOMMENDATION

### A. Legal Standard

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin by calculating the correct sentencing range under the Sentencing Guidelines. *Id.* The Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *United States v. Kimbrough*, 552 U.S. 85, 108 (2007)), and the Court should "remain cognizant of them throughout the sentencing process." *United States v. Gall*, 552 U.S. 38, 50 n.6 (2007). After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. Here, the most important considerations are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(6).

### B. A significant custodial sentence is sufficient but not greater than necessary.

Kingsley is appearing before the Court for sentencing on his second federal case. PSR ¶ 30. In 2005, Kingsley was convicted of being a felon in possession of a firearm, possessing methamphetamine with the intent to distribute, and possessing a firearm in furtherance of a drug trafficking crime. Kingsley was sentenced to 132 months prison for that offense. Kingsley began a period of supervised release on January 16, 2014 and successfully completed that term in 2017. According to Kingsley, he returned to drug dealing after he subsequently was injured and lost his job, went through a series of personal losses and difficulties, and relapsed.

Kingsley knew the consequences for large quantity drug trafficking. Yet faced with a tough financial situation, Kingsley returned to the trade. This time, however, the stakes were even higher. From 2022- 2024, Kingsley was caught with over 8,500 fentanyl laced M30 pills – each one of those pills is deadly. By dealing deadly fentanyl M30 pills, Kingsley jeopardized the lives of thousands of addicts worse off than himself. The serious, dangerous, and repetitive nature of the offense warrants a significant custodial sentence. It is also critical that the sentence be significant enough that it is not absorbed by Kingsley as just the cost of doing (illegal) business.

The government also recognizes that there are some mitigating factors present in this case. Kingsley has done well in residential drug treatment pretrial, obtained his substance abuse counselor certificate, and states he is committed to maintaining his sobriety and a law-abiding life after serving his prison sentence. Kingsley, as part of his plea agreement, has agreed not to be in contact with any members of the Co Co Boys while on pretrial release and as a condition of his Supervised Release. Kingsley is older now (53 years old) than he was at the time of his first federal conviction and may age-out of criminal conduct soon. Kingsley further reports very difficult childhood circumstances and trauma.

A sentence of 97 months' balances the seriousness of the conduct, the impact of the crime on the community, and the need to deter future criminal conduct with the mitigating characteristics of the defendant.

## V.   CONCLUSION

The United States respectfully requests that this Court impose a sentence of 97 months' imprisonment, followed by three years' supervised release that include the expanded search condition, the non-contact condition, forfeiture of $3,140 and any interest in a firearm seized from Kingsley's residence, and a mandatory $100 special assessment.

DATED:   December 4, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

 /s/ Maya Karwande
MAYA KARWANDE
Assistant United States Attorney